154 So. 20

## CANAL BANK & TRUST CO. v. NICKERSON.

No. 32344.

Oct. 30, 1933.

Rehearing Denied March 26, 1934.

Mouton & Davidson, of Lafayette, for appellant.

Pugh & Buatt, of Crowley, for appellee.

BRUNOT, Justice.

The Canal Bank & Trust Company sued the defendant on his promissory note, which was secured by a mortgage note. It prayed for judgment for the sum of the principal and the interest and attorney's fees stipulated in the note sued on, and for the seizure and sale of the mortgage note attached thereto, as collateral, and for the payment to plaintiff pro tanto, on its judgment, the proceeds of the sale of said mortgage note.

The defendant filed an exception of prematurity. The minutes show that the exception was argued and submitted on September 23, 1932, but they do not show that the exception was disposed of. On December 14, 1932, the defendant filed his answer to the suit. In due course the case was tried and judgment was rendered in favor of the plaintiff as prayed for in its petition.

The defendant obtained the necessary order and perfected a devolutive appeal from the judgment. The transcript was filed in this court on April 19, 1933. Thereafter the defendant was notified by letter from the loan agency of the Reconstruction Finance Corporation that said corporation was the holder of the mortgage note, mentioned, supra, which was attached to the note sued upon as collateral to secure the payment of that note.

For this and other alleged reasons which it is not necessary to mention, the defendant, appellant, prays that this case be remanded to the Fifteenth judicial district court for a new trial, in order that the proper parties plaintiff be judicially determined and made parties to the suit, or, in the alternative, that the liquidators of the Canal Bank & Trust Company, now in liquidation, and the acting manager, or proper officer, of the Reconstruction Finance Corporation, be made parties plaintiff in this suit.

In answer to the motion to remand, H. G. Thompson and John F. Finke, the duly appointed and qualified liquidators of the Canal Bank & Trust Company, and J. S. Brock, state bank commissioner, through their attorneys, have filed what they entitle "Answer to Rule."

This answer contains eighteen paragraphs, and attached thereto is an attested certificate of George F. Buskie, acting manager of the Reconstruction Finance Corporation.

We think the motion to remand can be properly disposed of by a consideration of the last paragraph and prayer of the answer to the motion, and the certified statement of the acting manager of the Reconstruction Finance Corporation. The last paragraph and prayer of the answer are as follows:

"Answering further your defendants in rule aver that the note sued on and the mortgage note attached thereto as collateral were duly pledged to the Reconstruction Finance Corporation and that the said two notes were thereupon returned to the Canal Bank & Trust Company for the purpose of suing

thereon and collecting the judgment, the proceeds to be held subject to the lien and privilege of the Reconstruction Finance Corporation as pledgee thereof, all of which more fully appears by a statement from said Reconstruction Finance Corporation hereto annexed and made part hereof.

"Wherefore, your defendants in rule pray that as liquidators of the Canal Bank & Trust Company, and J. S. Brock, State Bank Commissioner, be recognized as parties plaintiff in the above numbered and entitled cause in lieu of the Canal Bank & Trust Company, of which they and the State Bank Commissioner are in charge.

"They further pray that the demand of plaintiff in rule be rejected for the reasons hereinabove stated."

We think it advisable to also quote the statement of the acting manager of the Reconstruction Finance Corporation and the notarial certificate thereto:

"State of Louisiana, Parish of Orleans.

"Know All Men By These Presents, that among the collateral pledged to Reconstruction Finance Corporation by Canal Bank & Trust Company are two notes of John C. Nickerson—one, a promissory note in the sum of Fourteen Thousand Dollars ($14,000.00), bearing date May 26, 1931, payable six months after date; the other, a mortgage note in the sum of Fifteen Thousand Dollars ($15,000.00), bearing date May 16, 1931.

"That subsequent to the pledge of the aforementioned notes Reconstruction Finance Corporation delivered said notes to Canal Bank & Trust Company for the purpose of collection.

"That Reconstruction Finance Corporation is not the owner of said notes, its sole interest being that of pledgee, and the said notes were re-delivered to Canal Bank & Trust Company as aforesaid with the understanding that proceeds arising therefrom were to be delivered to Reconstruction Finance Corporation as pledgee of said notes.

"New Orleans, Louisiana, October 2, 1933
      "Reconstruction Finance Corporation.
   ."By G. F. Buskie, Acting Manager."
"State of Louisiana, Parish of Orleans.

"Before Me, the undersigned authority, personally came and appeared: George F. Buskie, who declared to me, Notary, under oath, that he is the Acting Manager of New Orleans Loan Agency, Reconstruction Finance Corporation, and as such is authorized to act for said corporation; that he signed the above and foregoing instrument as the act of said corporation for the purpose therein expressed as the free and voluntary act of said corporation.

                                "G. F. Buskie.
"Sworn to and subscribed before me, this
      2 day of October, 1933.

            "James Condon, Notary Public."

   It is clear from the foregoing quotations and the pertinent recitals in the motion to remand and in the answer thereto, that H. G. Thompson and John F. Finke, the liquidators of the Canal Bank & Trust Company, now in liquidation, and J. S. Brock, state bank commissioner, who are now in full charge thereof, should be substituted as the plaintiffs in this suit, in lieu of the Canal Bank & Trust Company, and it is so ordered.

It is shown that the interest of the Reconstruction Finance Corporation, the pledgee of the notes, is limited to the proceeds realized by the liquidators of the bank from the execution of the bank's judgment against the defendant in the event that judgment is affirmed by this court.

The answer to the motion to remand has clarified the situation and there is no present basis for the defendant's fear that he may be legally called upon to pay the indebtedness twice.

For the reasons stated, the motion to remand is denied, and, to the extent above ordered, the alternative motion to substitute parties plaintiff, in lieu of the Canal Bank & Trust Company, is granted.

On Rehearing.

OVERTON, Justice.

In our former decree we refused to set aside the judgment appealed from, and remand the case, to the end that proper parties to the suit might be made. We thought that although the Reconstruction Finance Corporation had notified defendant that it held the $15,000 mortgage note, which the district court had ordered seized and sold to satisfy the judgment on the principal note to which it was collateral, both then being before the court as notes held by plaintiff, nevertheless the answer to the motion to remand, filed by plaintiff, averring that both notes had been pledged to the Reconstruction Finance Corporation, and had been returned to the Canal Bank & Trust Company for collection, this allegation being corroborated by

a certificate signed by the Reconstruction Finance Corporation by G. F. Buskie, as acting manager, the certificate being sworn to by Buskie, made it safe for defendant to pay the note, all basis for defendant's fear that he might be legally called upon to pay the indebtedness twice, being thereby removed. We, however, ordered the liquidators of the Canal Bank & Trust Company, as well as the state bank commissioner, substituted, in lieu of the Canal Bank & Trust Company, as plaintiffs in the suit.

In order to hold that plaintiff was safe, we had to give effect to the affidavit of Buskie and moreover presume that he had authority to bind the Reconstruction Finance Corporation in the judgment to be rendered. This court has no right to hear evidence on the question as to whether the Canal Bank & Trust Company is still the owner of the note and the holder of the collateral, the court's jurisdiction, with few exceptions, not pertinent here, being merely appellate. Besides if the Reconstruction Finance Corporation has an interest in the notes, it ought to appear in some legal manner that it is a party to the suit, or that the situation is such as to bind it by the judgment to be rendered.

For these reasons the judgment appealed from is set aside, and the case is remanded to ascertain the facts as to who, if any one other than plaintiff, has an interest in the notes, and if the facts be found to be such as to require the making of new parties, under the law, that such new parties to the suit be made, and the proper judgment rendered.

ST. PAUL, J., absent.